IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE HAYNES,<br>On behalf of herself and all others<br>Similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE LLC, INC.,<br>RESURGENT CAPITAL SERVICES, LP,<br>and PYOD, LLC,<br><br>    Defendants. | Case No.:<br><br>**CLASS ACTION**<br>**COMPLAINT**<br>And<br>**JURY DEMAND**<br><br>(Class Action) |

## I. INTRODUCTION

This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*.  Plaintiff Jacqueline Haynes, on behalf of herself and all persons similarly situated, seeks declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors Allied Interstate LLC,PYOD, LLC,and Resurgent Capital Services LP arising from the routine practice of sending collection letters to consumers, like the one sent to Ms. Haynes, which *inter alia* mislead and confuse an unsophisticated consumer regarding the terms of the settlement offer, the involvement of "our client Resurgent Capital Services LP" with the alleged debt and/or the creditor, the amount required to settle the alleged debt, that the alleged debt was time-barred without disclosure of that fact in violation of 15 U.S.C. §§1692eand 1692f as well as Neb. Rev. Stat. § 59-1601.

1

## II. JURISDICTION

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2. In personam jurisdiction exists and venue is proper as the Defendants regularly conduct business in this district. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III. PARTIES

3. Plaintiff Jacqueline Haynes ("Ms. Haynes") is an adult individual residing in Omaha, Douglas County, Nebraska. At all times material hereto, Ms. Haynes and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

4. Defendant Allied Interstate LLC ("AI") is engaged in the business of collecting debts due or alleged to be due to others across the United States including the state of Nebraska, with its principal place of business located at 7525 West Campus Road, New Albany, Ohio. AI is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

5. Defendant Resurgent Capital Services LP("Resurgent") is engaged in the business of collecting debts due or alleged to be due to others across the United States including the state of Nebraska, with its principal place of business located in Greenville, South Carolina is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

6. Defendant PYOD, LLC("PYOD") is engaged in the business of collecting debts due or alleged to be due to others across the United States including the state of Nebraska, with its principal place of business located in Greenville, South Carolina is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

7. Defendants are all entities or individuals who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class.  Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

8. Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants.  Any reference hereinafter to "Defendants", without further qualification, is meant by the Plaintiff to refer to each Defendant named above.

## IV.   FACTUAL ALLEGATIONS

9. Ms. Haynes incurred a credit card obligation to Plains Commerce Bank for personal, family, or household purposes, e.g. – the purchase of groceries, clothing, gasoline, household items, etc.

10. Plaintiff's obligation to Plains Commerce Bank was closed or charged off on January 17, 2008, the last payment was made November 12, 2007.

11. Upon information and belief, PYOD, LLC obtained Ms. Haynes' Plains

Commerce Bank obligation after it had gone into default.

12. Upon information and belief, PYOD, LLC placed Ms. Haynes' Plains Commerce Bank obligation with Resurgent Capital Services LP for collection.

13. Resurgent states on its web site (http://www.resurgent.com) that "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers."

14. Resurgent states on its web site (http://www.resurgent.com) that "We manage accounts … including … sub- and non-performing accounts…"

15. Resurgent retained the services of AI to collect debts and send letters in the form of Exhibit A for that purpose.

16. Dated February 1, 2014, Defendant AI sent a letter to Ms. Haynes regarding an obligation in the amount of $2,394.08 arising from a Plains Commerce Bank account allegedly due PYOD, LLC, attached hereto as Exhibit A, which reads in part:

> Re: Plains Commerce Bank Account No. ************9628
>
> Amount Owed: $2394.08
> Current Creditor: PYOD LLC Account No. ****4336
> Reference No.: 570006307648
>
> Jacqueline Haynes:
>
> We are a debt collection company and our client, Resurgent Capital Services LP, has retained us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Our client is willing to accept payment in the amount of $359.11 in settlement of this debt. You can take advantage of this settlement offer if we receive your payment, or you make other mutually acceptable payment arrangements, within 40 days from the date of

> this letter. We reserve the right to extend this or a different settlement offer to you in the future.
>
> Notwithstanding the above settlement offer, as of the date of this letter, the Amount Owed is $2394.08. Because the creditor continues to assess interest on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Amount Owed shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance. To make a payment, please telephone us at 866-466-4479 or mail your payment using the coupon on the reverse side of this letter. We process checks electronically and your checking account will be debited on the day we receive your payment. Your check will not be returned.

17. <u>Exhibit A</u> did not explain how or if the amount of $359.11 to settle the account "within 40 days of the date of this letter" would be affected by assessment of continuing interest.

18. <u>Exhibit A</u> did not explain relationship of "our client Resurgent Capital Services LP" to the alleged debt, or the Current Creditor, or Plains Commerce Bank.

19. Ms. Haynes was confused and mislead by <u>Exhibit A</u>.

20. <u>Exhibit A</u> was the first letter sent by AI to Ms. Haynes regarding the alleged debt.

21. The alleged debt is outside any applicable statute of limitations.

22. Nothing in <u>Exhibit A</u> disclosed that the debt was barred by the statute of limitations or not legally enforceable.

23. <u>Exhibit A</u> also fails to advise an unsophisticated consumer that paying the "settlement" reinstates the time-barred debt.

24. Defendants used language in <u>Exhibit A</u> that misleads an unsophisticated consumer into believing the debt is legally enforceable.

25. An unsophisticated consumer would reasonably believe that the offer to "settle" the debt implies that the debt is legally enforceable.

5

26. An unsophisticated consumer who made a partial payment would inadvertently have reset the statute of limitations and make themselves vulnerable to a collection lawsuit on the full amount of the alleged debt.

27. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## V.     DEFENDANTS' ROUTINE PRACTICES

28. It is Defendants' routine practice to give the appearance that one or more of the defendants are involved in the collection of a debt at the time the collection letter is sent, when such is not the case.

29. It is the routine practice of Defendants to send, or cause to be sent, letters in the form of Exhibit A which did not explain how or if the amount to settle the account "within 40 days of the date of this letter" would be affected by assessment of continuing interest.

30. It is the routine practice of Defendants to send, or cause to be sent, letters in the form of Exhibit A which did not explain the relationship of "our client Resurgent Capital Services LP" to the alleged debt, or the Current Creditor, or Plains Commerce Bank.

31. It is the routine practice of Defendants to send, or cause to be sent, letters in the form of <u>Exhibit A</u> seeking to collect time-barred debts that do not disclose that the alleged debt is time-barred or the dates of the transactions giving rise to the debts, or of the consequences of paying on a time-barred debt.

## VI.   CLASS ALLEGATIONS

32. Plaintiff brings this action on his own behalf and on behalf of four classes of consumers designated pursuant to Fed.R.Civ.P. 23(a), 23(b)(2) and 23(b)(3).

**FDCPA CLASSES:**

The First FDCPA class is comprised of all persons who satisfy the following criteria:

(i) all persons with addresses in Nebraska;

(ii) to whom any Defendant sent, or caused to be sent, a letter in the form of <u>Exhibit A</u>;

(iii) in an attempt to collect a debt incurred for personal, family, or household purposes;

(iv) one year prior to filing this action through the date of class certification.

The Second FDCPA class is comprised of all persons who satisfy the following criteria:

(i) all persons with addresses in Nebraska;

(ii) to whom any Defendant sent, or caused to be sent, a letter in the form of <u>Exhibit A</u>;

(iii) in an attempt to collect an alleged debt;

(iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes;

(v)  which had been charged off or last payment made fouror more years prior to the date of mailing of the letter in the form of Exhibit A;

(vi)  during the period one year prior to the date of filing this action.

**NCPA CLASSES:**

The First NCPA class is comprised of all persons who satisfy the following criteria:

(i)  all persons with addresses in Nebraska;

(ii)  to whom any Defendant sent, or caused to be sent, a letter in the form of Exhibit A;

(iii)  in an attempt to collect a debt incurred for personal, family, or household purposes;

(iv)  four years prior to filing this action through the date of class certification.

The Second NCPA class is comprised of all persons who satisfy the following criteria:

(i)  all persons with addresses in Nebraska;

(ii)  to whom any Defendant sent, or caused to be sent, a letter in the form of Exhibit A;

(iii)  in an attempt to collect an alleged debt;

(iv)  which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes;

(v)  which had been charged off or last payment made fouror more years prior to the date of mailing of the letter in the form of Exhibit A;

(vi)  during the period four years prior to the date of filing this action.

33.  On information and belief based on Defendants' use of the form letterExhibit A,

the class is so numerous that joinder of all members is impractical.

34. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether Defendants' letter in the form of <u>Exhibit A</u> violates 15 U.S.C. §§ 1692e& 1692f.

35. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

36. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

38. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

> (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
> (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

40. Plaintiff requests the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. COUNT I -- <u>FAIR DEBT COLLECTION PRACTICES ACT</u>

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing

9

paragraphs.

42.     The nondisclosure that the debt was not legally enforceable and the consequences of making a payment are exacerbated by the offers of a "settlement" in <u>Exhibit A</u>. An offer to settle implies a colorable legal obligation to pay. The following statements, among others, in <u>Exhibit A</u> are contrived to erroneously suggest that the debt could be enforced legally:

> a.     "We are a debt collection company and our client, Resurgent Capital Services LP, has retained us to collect the debt noted above."
>
> b.     "Our client is willing to accept payment in the amount of $359.11 in settlement of this debt. You can take advantage of this settlement offer if we receive your payment, or you make other mutually acceptable payment arrangements, within 40 days from the date of this letter. We reserve the right to extend this or a different settlement offer to you in the future."
>
> c,     "Notwithstanding the above settlement offer, as of the date of this letter, the Amount Owed is $2394.08."

43.     The FDCPA provides:

<u>§ 1692e. False or misleading representations</u>

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt; . . .
>
> (5) The threat to take any action that cannot legally be taken or
>
> that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt
>
> to collect any debt or to obtain information concerning a consumer. .

Section 1692f provides:

§ 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect

or attempt to collect any debt. . . .

44. Defendants' violations of the FDCPA include, but are not limited to, the following:

    (a)    Sending to Plaintiff <u>Exhibit A</u> which falsely, deceptively, and misleadingly misrepresents how or if the amount to settle the account "within 40 days of the date of this letter" would be affected by assessment of continuing interest, in violation of 15 U.S.C. § 1692e;

    (b)    Sending to Plaintiff <u>Exhibit A</u> which falsely, deceptively, and misleadingly misrepresents the relationship of "our client Resurgent Capital Services LP" to the alleged debt, or the Current Creditor, or Plains Commerce Bank, in violation of 15 U.S.C. § 1692e;

    (c)    Sending to Plaintiff <u>Exhibit A</u> which falsely, deceptively, and misleadingly misrepresents consumers on time-barred debts without disclosure of that fact in violation of 15 U.S.C. § 1692e and f.

    (d)    <u>Exhibit A</u> misrepresents the legal status of the alleged debt in violation of 15 U.S.C. § 1692e(a)(A).

WHEREFORE, Plaintiff Jacqueline Haynes requests that judgment be entered for herself and the classes against Defendants Allied Interstate LLC, PYOD, LLC, and Resurgent Capital Services LP and that the Court order:

    A.    Certification of this action as a class action;

    B.    Statutory damages to the Plaintiff and the class as provided in 15 U.S.C. § 1692k(b)(2) as well as actual damages to the class;

    C.    Entry of a Declaratory Judgment finding that the challenged practices

    herein violate the FDCPA;

  D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

  E. Such other and further relief as the court deems just and equitable.

## VIII.  COUNT II - CONSUMER PROTECTION ACT

 45. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

 46. Defendant AI is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

 47. Defendant Resurgent is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

 48. Defendant PYOD is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

 49. The practice of sending collection letters with the content described herein constitutes deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The attempted collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

 50. These violations caused financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

 WHEREFORE, Plaintiff requests that this Court certify the class and enter judgment for Plaintiff and the class members against Defendants Allied Interstate LLC, PYOD, LLC, and Resurgent Capital Services LP, and that the Court order:

  A. Certification of this action to proceed as a class action;

  B. Statutory damages for the Plaintiff and each class member as well as

   actual damages to the class;

 C. Injunctive relief;

 D. Attorney's fees and costs; and

 E. Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

**IX.** **JURY DEMAND**

Plaintiff Jacqueline Haynes hereby demands trial by jury of all claims so triable.

     Jacqueline Haynes, On behalf of herself and all others similarly situated, Plaintiff,

    By: */s/ William L. Reinbrecht*
     William L. Reinbrecht, #20138
     Pamela A. Car, #18770
     Car & Reinbrecht, P.C., LLO
     8720 Frederick Street, Suite 105
     Omaha, NE 68124
     1 (402) 391-8484
     Fax: 1 (402) 391-1103
     E-mail: billr205@gmail.com

    And

    O. Randolph Bragg
    HORWITZ, HORWITZ & ASSOC.
    25 East Washington St., Suite 900
    Chicago, IL 60602
    (312) 372-8822
    (312) 372-1673 (FAX)
    rand@horwitzlaw.com

    ATTORNEYS FOR PLAINTIFF
    AND THE PUTATIVE CLASS