IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE HAYNES, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, LLC, RESURGENT CAPITAL SERVICES, LP, and PYOD, LLC,<br><br>Defendants. | 4:14CV3130<br><br><br>MEMORANDUM<br>AND ORDER |

This is a putative class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 et seq. ("NCPA"). Defendants have moved to dismiss the action for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Defendants' motion will be granted with respect to Plaintiff's FDCPA claims, which will be dismissed with prejudice, but Plaintiff's NCPA claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

*PLAINTIFF'S ALLEGATIONS*

Plaintiff alleges that she "incurred a credit card obligation to Plains Commerce Bank" which "was closed or charged off on January 17, 2008, [after] the last payment was made [on] November 12, 2007" (filing 1, ¶¶ 9, 10); that Defendant "PYOD, LLC obtained [Plaintiff's] Plains Commerce Bank obligation after it had gone into default" (*id.*, ¶ 11); that "PYOD, LLC placed [Plaintiff's] Plains Commerce Bank obligation with [Defendant] Resurgent Capital Services LP [("Resurgent")] for collection" (*id.*, ¶ 12); that "Resurgent retained the services of [Defendant Allied Interstate LLC

("Allied")]¹ to collect debts and send letters ... for that purpose" (*id.*, ¶ 15); and that on February 1, 2014, Allied sent a letter to Plaintiff which reads:

February 01, 2014

Jacqueline Haynes
[Address redacted]

      Re:    Plains Commerce Bank Account No. ************9628
              Amount Owed: $2394.08
              Current Creditor: PYOD LLC Account No. ****4336
              Reference No.: 570006307648

Jacqueline Haynes:

We are a debt collection company and our client, Resurgent Capital Services LP, has retained us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Our client is willing to accept payment in the amount of $359.11 in settlement of this debt. You can take advantage of this settlement offer if we receive your payment, or you make other mutually acceptable payment arrangements, within 40 days from the date of this letter. We reserve the right to extend this or a different settlement offer to you in the future.

Notwithstanding the above settlement offer, as of the date of this letter, the Amount Owed is $2394.08. Because the creditor continues to assess interest on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Amount Owed shown above, an adjustment may

---

¹ The caption of the complaint contains a misnomer, as Plaintiff incorrectly identifies this defendant as "Allied Interstate LLC, Inc." However, this defendant is correctly identified in the body of the complaint (filing 1, ¶ 4) and in the summons (filing 12). The court therefore will direct the clerk to correct the docket sheet by changing the name of this defendant to "Allied Interstate LLC."

be necessary after we receive your payment, in which event we will inform you of any remaining balance. To make a payment, please telephone us at 866-466-4479 or mail your payment using the coupon on the reverse side of this letter. We process checks electronically and your checking account will be debited on the day we receive your payment. Your check will not be returned.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to receiving your payment.

Sincerely,

Allied Interstate LLC

(*Id.*, ¶ 16 & attached Exhibit A.)

Plaintiff claims this letter violates the FDCPA because it "falsely, deceptively, and misleadingly misrepresents ... how or if the amount to settle the account 'within 40 days of the date of this letter' would be affected by assessment of continuing interest, in violation of 15 U.S.C. § 1692e; ... the relationship of 'our client Resurgent Capital Services LP' to the alleged debt, or the Current Creditor, or Plains Commerce Bank, in violation of 15 U.S.C. § 1692e; ... consumers [*sic*] on time-barred debts without disclosure of that fact in violation of 15 U.S.C. § 1692e and f; [and] ... the legal status of the alleged debt in violation of 15 U.S.C. § 1692e[(2)](A)" (*id.*, ¶ 44). The alleged § 1692e violations involve "[t]he false representation of ... the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot be legally taken or that is not intended to be taken," 15 U.S.C. §

1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," 15 U.S.C. § 1692e(10). (*See* filing 1, ¶ 43.) Section 1692f generally provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. (*See id.*)

Plaintiff also claims "[t]he practice of sending collection letters with the content described herein constitutes deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602" (*id.*, ¶ 49). This Nebraska statute broadly declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. § 59-1602.

*THE FDCPA*

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

> A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder. This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters.

*Strand v. Diversified Collection Svc., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (internal quotations & citations omitted). "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." *Peters v. General Svc. Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002) (internal quotations & citation omitted). Applying this standard to the language of a debt collection letter presents a question of law. *See Brill v. Financial Recovery*

-4-

*Services, Inc.*, No. 4:10-CV-3121, 2010 WL 5825480, at \*3-4 (D.Neb. Nov. 10, 2010) (Kopf, J.); *Peters v. General Svs. Bureau, Inc.*, 277 F.3d 1051 (8th Cir. 2002) (finding as matter of law that statements in collection letter did not violate 15 U.S.C. § 1692e); *Strand*, 380 F.3d at 319 (finding as matter of law that printing on envelope used by collection service did not violate 15 U.S.C. § 1692f).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## ANALYSIS

Applying the foregoing standards, the court finds and concludes as a matter of law that Defendants did not violate the FDCPA in any of the ways alleged by Plaintiff in Count I of her complaint. The court declines to exercise supplemental jurisdiction over the NCPA claims alleged in Count II of the complaint.

*1. Accrual of Interest*

The FDCPA requires that a debt collector shall notify the consumer of "the amount of the debt." 15 U.S.C. § 1692g(a)(1). Allied's letter complies with this

requirement by utilizing the "safe harbor" language that was formulated by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000), and approved by this court in *Brill*. That is, Plaintiff was told that "as of the date of this letter, the Amount Owed is $2394.08," but, in addition, was advised that "[b]ecause the creditor continues to assess interest on the debt, the amount due on the day you pay may be greater" (filing 1, ¶ 16 & Ex. A). "The inclusion of this additional language should not 'place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer.'" *Brill*, 2010 WL 5825480, at *5 (quoting *Chuway v. National Action Fin. Svs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004)).

Plaintiff claims the letter is confusing because it does not explain "how or if the amount to settle the account 'within 40 days of the date of this letter' would be affected by assessment of continuing interest, in violation of 15 U.S.C. § 1692e" (filing 1, ¶ 44(a)). There is no merit to this claim because the settlement offer clearly was for a fixed amount for a fixed period of time. Thus, while the amount of the debt could vary because of accruing interest, the letter unambiguously states that "[o]ur client is willing to accept payment in the amount of $359.11 in settlement of this debt ... if we receive your payment ... within 40 days from the date of this letter" (*id.*, ¶ 16 & Ex. A).

  *2. Creditor's Identity*

The FDCPA requires a debt collector to notify the consumer of "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Allied's letter complies with this requirement by naming PYOD, LLC as the current creditor (filing 1, ¶ 16 & Ex. A). Allied also explains in the letter that "[w]e are a debt collection company and our client, Resurgent Capital Services LP, has retained us to collect the debt noted above" (*id.*).

Plaintiff takes issue with this explanation (*see id.*, ¶ 42.a) and claims Allied "falsely, deceptively, and misleadingly misrepresent[ed] the relationship of 'our client Resurgent Capital Services LP' to the alleged debt, or the Current Creditor, or Plains Commerce Bank, in violation of 15 U.S.C. § 1692e" (*id.*, ¶ 44(b)). Plaintiff's own allegations (*see id.*, ¶¶ 9-15) show there is nothing false, deceptive, or misleading about the statement. While Allied might have further explained the relationship, as Plaintiff has done in her complaint by alleging that "PYOD, LLC placed [Plaintiff's] Plains Commerce Bank obligation with Resurgent Capital Services LP for collection" (*id.*, ¶ 12), the FDCPA did not require Allied to do so in the collection letter.

### 3. Time-Barred Debt

Finally, Plaintiff claims Defendants violated sections 1692e and 1692f, and misrepresented "the legal status of the alleged debt in violation of 15 U.S.C. § 1692e[(2)](A)" (*id.*, ¶44), by not disclosing that the debt was potentially time-barred. The law in this circuit, however, is that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). "[A] statute of limitations does not eliminate the debt; it merely limits the judicial remedies available." *Id.* Allied's letter contains no threats of any kind.

### 4. NCPA Claims

"When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually 'will point toward declining to exercise jurisdiction over the remaining state law claims.'" *In re Canadian Import Antitrust Litigation*, 470 F.3d 785, 792 (8th Cir.2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been

dismissed...."). Indeed, the Court of Appeals has "stress[ed] the need to exercise judicial restraint and avoid state law issues wherever possible." *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir.1990)). Plaintiff's state-law claims therefore will be dismissed without prejudice. *See Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334-35 (8th Cir.1996) (per curiam) (while district court had discretion to dismiss state-law claims, such claims should have been dismissed without prejudice).

  IT IS ORDERED:

  1. The clerk of the court is directed to correct the docket sheet to change the name of the first-named Defendant from "Allied Interstate LLC, Inc." to "Allied Interstate LLC";

  2. Defendants' Rule 12(b)(6) motion to dismiss (filing 34) is granted as to all claims alleged under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, (Count I of Plaintiff's complaint), and such claims are dismissed with prejudice;

  3. All state-law claims alleged under the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 *et seq.* (Count II of Plaintiff's complaint), are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3); and

  4. Judgment shall be entered by separate document.

  DATED this 2nd day of February, 2015.

        BY THE COURT:

        s/ *Richard G. Kopf*
        Senior United States District Judge