IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE HAYNES, on behalf of herself and all other similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLIED INTERSTATE, LLC, )<br>RESURGENT CAPITAL SERVICES, )<br>LP, and PYOD, LLC, )<br>)<br>Defendants. )<br>) | 4:14CV3130<br><br><br>MEMORANDUM<br>AND ORDER |

On February 2, 2015, a judgment was entered (1) dismissing with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), all claims alleged by Plaintiff under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and (2) dismissing without prejudice, pursuant to 28 U.S.C. § 1367(c), all claims alleged by Plaintiff under the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 et seq. ("NCPA"). On February 13, 2015, Plaintiff filed a motion "[p]ursuant to Rules 59(e) and 60(b) of the Federal Rules of Federal Procedure ... to alter or amend the Judgment entered in this matter and to find that Plaintiff's Complaint (Filing No. 1) stated a plausible claim for Defendants' violation of the FDCPA and the NCPA" (Filing No. 50). Plaintiff's motion will be denied.

Rule 59(e) permits a motion to alter or amend a judgment no later than 28 days after it has been entered. Such motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 714 (8th Cir. 2011) (quoting *Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008)). "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment" or "to introduce new evidence that could have been adduced during pendency of the summary judgment motion." *Preston v. City of*

*Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011) (quoting *Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993)). A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

A district court also has broad discretion in ruling on a Rule 60(b) motion. *See Jones v. Swanson,* 512 F.3d 1045, 1048 (8th Cir. 2008). Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress. *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007). Relief under this rule is exceedingly rare as relief requires an "intrusion into the sanctity of a final judgment." *In re Guidant Corp.*, 496 F.3d at 868 (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999)). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." *Id.* (quoting *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir.1994)).

Plaintiff first argues that I failed to apply the "unsophisticated consumer" standard when analyzing her FDCPA claim. This argument is baseless. Although Plaintiff asserts that "[i]n its Memorandum and Order (Filing No. 48 p.7) the Court concluded that Ms. Haynes was not deceived or mislead to by the Letter" (Plaintiff's brief, Filing No. 51, at CM/ECF p. 8), and "concluded that Ms. Haynes was not materially misled to her detriment by the letter" (Plaintiff's reply brief, Filing No. 53, at CM/ECF p. 5), no such language appears in the memorandum and order.

I merely indicated that factual allegations in Plaintiff's complaint (Filing No. 1, ¶¶ 9-15) show that a statement made in the collection letter, where Allied explained that "[w]e are a debt collection company and our client, Resurgent Capital Services LP, has retained us to collect the debt noted above," was not in any way false,

deceptive, or misleading. I added that "[w]hile Allied might have further explained the relationship, as Plaintiff has done in her complaint by alleging that 'PYOD, LLC placed [Plaintiff's] Plains Commerce Bank obligation with Resurgent Capital Services LP for collection" (*id.*, ¶ 12), the FDCPA did not require Allied to do so in the collection letter" (Filing No. 48, at CM/ECF p. 7). In other words, the statement made in the collection letter would not have misled an unsophisticated consumer.

As I explained in the Memorandum and Order, applying the "unsophisticated consumer" standard to the language of a debt collection letter presents a question of law, at least in this circuit. Plaintiff's arguments to the contrary are unavailing.

Second, Plaintiff argues I should reconsider her claim regarding "continuing interest." I find no cause for reconsideration of this claim.

Third, Plaintiff cites two court decisions issued after Defendants' motion to dismiss was taken under consideration. Those decisions, which are from outside this circuit, do not affect my analysis of Plaintiff's claim regarding time-barred debt.

Fourth, and finally, Plaintiff argues I should reconsider her claim about the statement made in the collection letter regarding the relationship of the parties. Again, I find no cause for reconsideration. As discussed above, the statement in the collection letter was not false, deceptive, or misleading to an unsophisticated consumer.

IT IS ORDERED that Plaintiff's motion to alter or amend judgment (Filing No. 50) is denied in all respects.

DATED this 4th day of May, 2015.

BY THE COURT:

*s/ Richard G. Kopf*
Senior United States District Judge